# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☑ FIRST _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Felix Armando Cuba _____  JOINT DEBTOR: _____  CASE NO.: 25-10794-LMI

SS#: xxx-xx- 8019 _____  SS#: xxx-xx-_____

## I.   NOTICES

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors:   Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties:   The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section IX | ☑ Included | ☐ Not included |

## II.   PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A.   MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1.   $3,970.22 \_\_\_\_\_ for months  1  to  12  ;

2.   $5,494.19 \_\_\_\_\_ for months  13  to  60  ;

**B.   DEBTOR(S)' ATTORNEY'S FEE:**     ☐ NONE   ☐ PRO BONO

| Total Fees: $8,600.00 | Total Paid: $2,300.00 | Balance Due: $6,300.00 |
|---|---|---|
| Payable $458.33 /month (Months 1 to 12 ) | | |
| Payable $400.00 /month (Months 13 to 14 ) | | |

Allowed fees under LR 2016-1(B)(2) are itemized below:

MMM Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs + $2,500.00 MMM Fee + $100 Costs + Motion to Modify $800 = $8,600.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III.   TREATMENT OF SECURED CLAIMS     ☐ NONE

**A.   SECURED CLAIMS:**   ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

| 1. Creditor: Sachem Capital Corp. [POC#5] | | |
|---|---|---|
| Address: 568 East Main Street Branford, CT 06405 | Arrearage/ Payoff on Petition Date | 124,218.96 |
| | Arrears Payment (Cure) | $1,617.34 /month (Months 1 to 12 ) |
| Last 4 Digits of Account No.: 8019 | Arrears Payment (Cure) | $2,183.57 /month (Months 13 to 60 ) |
| | Regular Payment (Maintain) | $1,562.40 /month (Months 1 to 12 ) |

Debtor(s): Felix Armando Cuba                    Case number: 25-10794-LMI

| | | | |
|---|---|---|---|
| Regular Payment (Maintain) | | $2,109.40 | /month (Months 13 to 60 ) |

Other: _____

■ Real Property

  ■ Principal Residence

  ☐ Other Real Property

Address of Collateral:
758 E 20th ST,
Hialeah, FL 33013

☐ Personal Property/Vehicle

Description of Collateral: _____

Check one below for Real Property:

■ Escrow is included in the regular payments

☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

---

2.  Creditor: KEYS FUNDING LLC - 5023 53510 [POC#6]

Address: PO BOX 71540,
PHILADELPHIA, PA
19176-1540

Last 4 Digits of
Account No.:        0538

Other: _____

| | | | |
|---|---|---|---|
| Arrearage/ Payoff on Petition Date | 19,985.83 + 18% interest = 30,450.52 | | |
| Arrears Payment (Cure) | $80.41 | /month (Months 1 to 12 ) | |
| Arrears Payment (Cure) | $230.96 | /month (Months 13 to 14 ) | |
| Arrears Payment (Cure) | $630.96 | /month (Months 15 to 60 ) | |

■ Real Property

  ■ Principal Residence

  ☐ Other Real Property

Address of Collateral:
758 E 20th ST,
Hialeah, FL 33013

☐ Personal Property/Vehicle

Description of Collateral: _____

Check one below for Real Property:

☐ Escrow is included in the regular payments

☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

---

B.  **VALUATION OF COLLATERAL:**  ■ NONE

C.  **LIEN AVOIDANCE**  ■ NONE

D.  **SURRENDER OF COLLATERAL:**  ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

  ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

  ☐ Other: _____

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. Ally Financial, Inc.[POC#4] | 4884 | 2020 Chevy Equinox |

E.  **DIRECT PAYMENTS**  ■ NONE

IV.  **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]  ■ NONE

V.  **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**  ☐ NONE

  A.  Pay ___$0.00___ /month (Months 1 to 12 )

    Pay ___$20.84___ /month (Months 13 to 60 )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

  B.  ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

Debtor(s): Felix Armando Cuba _____   Case number: 25-10794-LMI _____

      C.  <u>SEPARATELY CLASSIFIED</u>:  ■ NONE

**VI.**   <u>**STUDENT LOAN PROGRAM**</u>  ■ NONE

**VII.**   <u>**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**</u>  ■ NONE

**VIII.**   <u>**INCOME TAX RETURNS AND REFUNDS**</u>:

    ■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

**IX.**   <u>**NON-STANDARD PLAN PROVISIONS**</u> ☐ NONE

  ■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Confirmation of the plan shall not bar Debtor's counsel from filing an Application for Compensation for any work performed before confirmation.

The claim of Ally Financial, Inc.[POC#4] ("Creditor") was initially filed as a direct-pay creditor for the 2020 Chevy Equinox. Subsequent to confirmation, the collateral was repossessed by the Creditor for non-payment. It is now being included as a surrendered collateral creditor. Thus if an unsecured deficiency claim is filed, then any allowed deficiency balance shall be treated solely as a general unsecured claim and paid pro rata with other allowed nonpriority unsecured claims. Upon completion of plan payments and entry of discharge, any unpaid portion of the Creditor's allowed unsecured deficiency claim shall be discharged pursuant to 11 U.S.C. § 1328(a).

☐ Mortgage Modification Mediation

### PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ Debtor _____      _____ Joint Debtor _____
Felix Armando Cuba                      Date                                                                              Date

/s/ Jose A. Blanco, Esq.
_____      _____

  Attorney with permission to sign on                      Date
  Debtor(s)' behalf who certifies that
  the contents of the plan have been
  reviewed and approved by the
  Debtor(s).[1]

By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.