**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**IN RE:** **CHAPTER 13**

**Felix Armando Cuba,**

**CASE No. 25-10794-PDR**

**DEBTOR.**

_________________________________________/

**SACHEM CAPITAL, CORP.'S RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO APPROVE CONSENSUAL SALE OF HOMESTEAD REAL PROPERTY AND TO PRESERVE ANY RESIDUAL PROCEEDS**

COMES NOW, Sachem Capital, Corp., (the "Secured Creditor"), and files this Response and Objection to Debtor's Motion to Approve Consensual Sale of Homestead Real Property an to Reserve any Residual Proceeds, and responds as follows:

1. On January 25, 2025, the Debtor, Felix Armando Cuba (the "Debtor"), filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code before the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court") in the case styled as In re Felix Armando Cuba, Case No. 25-10794-LMI (the "Bankruptcy Case").

2. Secured Creditor holds a first lien security interest on the Subject Property pursuant to the Note executed on January 18, 2022, and Mortgage recorded in Official Records Book 32984 Page 2920, in the public records of Maimi – Dade County, Florida, in the sum of $436,000.00 made payable to Sachem Capital Corp., encumbering the property at 758 E 20th Street, Hialeah, FL 33013 (the "Subject Property").

3. Secured Creditor filed an Amended Proof of Claim showing the total amount due as $628,850.44, as the loan had matured.

4. The Debtor proposes a sale price of $599,995.00, which is less than Secured Creditor’s amended proof of claim of $628,850.44. After payment of customary closing expenses and any other liens or encumbrances, the proposed transaction does not satisfying Secured Creditor’s claim absent Secured Creditor’s separate written consent to a discounted payoff.

5. Debtor seeks approval of a sale that cannot presently close because Debtor concedes that no negotiated payoff agreement has been accepted by Secured Creditor.

6. Secured Creditor objects to any sale that does not provide for full payoff of its debts from the sale proceeds, or that is not in accordance with any approval authorized by Secured Creditor for less than the amount owed. Any sale for less than the amount owed is contingent upon written approval and consent of Secured Creditor.

7. Secured Creditor has not accepted any payoff proposal.

8. Secured Creditor further objects to the Debtor receiving any net proceeds in excess from the sale. Secured Creditor objects to any provision that could be construed as preserving or adjudicating the exempt status of any proceeds from the sale.

9. Accordingly, any discussion regarding the treatment, exemption, or distribution of hypo thetical net proceeds is premature and speculative because no proceeds presently exist absent Secured Creditor's consent to accept less than the amount owed. The Motion effectively seeks a determination concerning the potential exempt status of funds that may never be realized.

10. Consequently, nothing in an order approving a sale should be construed as preserving, recognizing, adjudicating, or otherwise validating any claimed exemption in sale proceeds, nor should any proceeds be distributed to the Debtor absent further order of the Court after notice and an opportunity for all interested parties to be heard.

11. Secured Creditor’s lien shall be paid in full at closing pursuant to an accurate payoff

statement provided by Secured Creditor, any sale for less than the amount owed is contingent upon the written approval and consent of Secured Creditor.

12. Secured Creditor reserved the right to supplement and/or amend this Response/Objection.

**WHEREFORE**, Secured Creditor respectfully requests that the Court enter an Order denying the Debtor's Motion to Approve Consensual Sale of Homestead Real Property and to Preserve Any Residual Proceeds, as Secured Creditor has neither approved, authorized, nor accepted any payoff agreement or discounted payoff proposal concerning its claim, furthermore, approval of the sale shall not constitute a determination regarding the existence, validity, or exempt status of any alleged sale proceeds, and grant such other and further relief as the Court deems just and proper

Dated: 10/20/2026

**Tromberg, Miller, Morris & Partners, PLLC**

/s/ Bouavone Amphone
Bouavone Amphone
Attorney for Secured Creditor
600 West Hillsboro Boulevard Suite 600
Deerfield Beach, FL 33441
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 20644
bamphone@tmppllc.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2026, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants listed below:

Jose A Blanco
102 E 49th St
Hialeah, FL 33013
eservice@blancopa.com

Nancy K. Neidich
POB 279806
Miramar, FL 33027
e2c8f01@ch13miami.com

OFFICE OF THE US TRUSTEE
U.S. TRUSTEE
51 S.W. 1ST AVE. SUITE 1204
MIAMI, FL 33130
jtabas@tabassoloff.com

and on October 20, 2026, a true and correct copy was mailed to the non-CM/ECF participants listed below:

Felix Armando Cuba
758 E 20th Street
Hialeah, FL 33013