**ORDERED in the Southern District of Florida on November 9, 2026.**

Peter D. Russin, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

FELIX ARMANDO CUBA,
Debtor.
_______________________________________/

Case No. 25-10794-PDR
Chapter 13

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE CONSENSUAL SALE OF HOMESTEAD REAL PROPERTY AND EXTENDING DELINQUENCY CURE DEADLINE**

The Debtor's Motion to Approve Consensual Sale of Homestead Real Property and to Preserve Any Residual Proceeds (ECF No. 129) (the 'Motion') came before the Court on the Chapter 13 Consent Calendar on November 3, 2026. Sachem Capital Corp. ('Sachem') filed a Response and Objection (ECF No. 133), and its counsel appeared and objected to the entry of any Order without the inclusion of the payoff condition stated in paragraph 11 of that Response. Chapter 13 Trustee Nancy K. Neidich, through staff counsel, (the 'Trustee') agreed on the record to extend the cure deadline in her Notice of Delinquency (ECF No. 128) until 30 days after the sale closes.

**It is ORDERED that:**

1. The Motion (ECF No. 129) is GRANTED solely as set forth herein, subject to the conditions and reservations below.
2. Debtor Felix Armando Cuba is authorized to sell and convey his undivided interest in the real property located at 758 E. 20th Street, Hialeah, Florida 33013 (Folio No. 04-3108-001-0470) (the 'Property'), together with the voluntary conveyance by non-debtor co-owner Elieser Cuba Olivia, to Liudmila Lopez under the AS-IS Residential Contract attached to the Motion (ECF No. 129-1), for the total purchase price of $599,995.00, as extended by any duly executed written closing-date extension. The complete legal description is set forth below.
3. The sale may close only after the closing agent obtains all required written payoff statements, settlement approvals, satisfactions, and releases necessary to deliver marketable title, including appropriate disposition of any interest claimed by any recorded judgment liens. Nothing in this Order avoids a lien, authorizes a sale free and clear of liens without consent, compels any lienholder to compromise its claim, or requires the non-debtor co-owner to convey without his voluntary execution of the transaction documents.
4. Sachem's condition, as set forth in paragraph 11 of its Response and Objection (ECF No. 133), is incorporated into and made an express condition of this Order: 'Secured Creditor's lien shall be paid in full at closing pursuant to an accurate payoff statement provided by Secured Creditor, any sale for less than the amount owed is contingent upon the written approval and consent of Secured Creditor.' Accordingly, any discounted payoff and release of Sachem's mortgage must be authorized in writing by Sachem and satisfied in accordance with its written instructions.

5. The closing agent is authorized to disburse amounts required by the applicable written payoff and release instructions, together with reasonable and customary closing charges, commissions, tax prorations, and seller concessions expressly permitted by the operative executed contract and any Court-authorized modification. The preliminary Closing Disclosure at ECF No. 129-2 is not a final settlement statement. The closing agent shall provide the Trustee and Debtor's counsel a substantially complete proposed final seller settlement statement identifying all payoffs and each co-owner's proposed net distribution before any proceeds are distributed.
6. Any net sale proceeds attributable to the Debtor's undivided interest after payment of approved liens, costs, credits, and prorations ('Debtor Net Sale Proceeds') shall be preserved in a segregated bank account of the Debtor. In accordance with the Trustee's previously stated Section 522(p) limitation for purposes of this sale, any Debtor Net Sale Proceeds exceeding $189,050.00 shall be remitted directly to the Trustee for the benefit of creditors. No portion in excess of said amount shall be distributed to the Debtor absent a further order. The non-debtor co-owner's separately allocable proceeds shall not be treated as the Debtor's proceeds by reason of this Order.
7. This Order does not determine the allowance or amount of any homestead exemption, adjudicate application of 11 U.S.C. Section 522(p), resolve ECF No. 18, or avoid the People's Insurance Claim Center, Inc. judgment lien. All rights of the Debtor, Trustee, and other interested parties concerning such matters are reserved, subject to future orders.
8. With respect to the Trustee's Notice of Delinquency filed October 1, 2026 (ECF No. 128), the deadline of November 15, 2026 to cure the delinquency under the confirmed or modified plan is EXTENDED until 30 calendar days after the actual closing date of the sale authorized

herein. This extension applies to the delinquency and payments required to bring the Debtor current under the plan through the extended deadline, and the Trustee shall not seek dismissal or file a report of noncompliance based solely on the missed ECF No. 128 deadline before the extended cure deadline expires. The Debtor may modify the plan to provide for adequate plan payments to become current during said extended deadline. The Debtor's obligation to make all plan payments remains in effect; no deficiency is forgiven. If the sale does not close, the Trustee may seek further relief upon appropriate notice and further order of the Court.

9. Within 10 days following closing, the Debtor shall furnish the Trustee a copy of the executed final settlement statement and evidence of the agreed lien payoffs, the net proceeds allocated to each owner, and the segregated escrow or turnover required by this Order.
10. As requested in paragraph 13 of the Motion, and for cause shown to facilitate prompt consummation of the consensual sale, the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED. This Order is effective upon entry, but no closing may occur until all conditions stated herein have been satisfied. This waiver does not alter the objection period on any amended exemption claim or the finality requirements applicable to a separate exemption or lien-avoidance order.
11. The Court retains jurisdiction to interpret and enforce this Order. All relief not expressly granted herein is reserved.

**<u>Legal Description</u>: Lot 9, less the west 11.92 feet, and the west 21.44 feet of Lot 10, all in Block 27-B, together with six feet of alley lying south of and adjacent thereto, of the Amended Plat of the Amended Plat of the Thirteenth Addition to Hialeah, according to the plat thereof recorded in Plat Book 34, Page 26, Public Records of Miami-Dade County, Florida.**

###

Submitted by:
Jose A. Blanco, Esq. (Fla. Bar No. 062449)
JOSE A. BLANCO, P.A.
102 E. 49th Street
Hialeah, FL 33013
Telephone: (305) 349-3463
Email: jose@blancopa.com
Counsel for Debtor

Attorney Jose A. Blanco shall serve this Order on all persons and entities entitled to service who do not receive the CM/ECF notice of electronic filing, within three business days after entry, and shall file a certificate of service complying with Local Rule 9036-2.